USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/2/2026

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**SEAMUS O'CONNOR**
*Assistant Corporation Counsel*
Phone: (212) 356-2337
Fax: (212) 356-3509
seoconno@law.nyc.gov

February 27, 2026

**VIA ECF**
Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:   Braulio Aponte v. City of New York, et al.,
           25 Civ. 9677 (MKV)

Your Honor:

     I am an Assistant Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter, in which plaintiff alleges, *inter alia*, he was falsely arrested on October 18, 2023. (See ECF No. 1.) Defendants respectfully request that Your Honor issue an order compelling plaintiff to produce an executed release of pursuant to New York Criminal Procedure Law § 160.50 ("unsealing release") by a date certain.

     By way of background, this matter was removed from New York state court to this current court on November 20, 2025. (ECF No. 1) On November 25, 2025, this case was designated to participate under Local Civil Rule 83.10. (Notice of Participation in Local Civil Rule 83.10 dated November 25, 2025)

     By letter dated January 25, 2026, letter defendants requested that Plaintiff execute an unsealing release so that this Officer can obtain the District Attorney, Criminal Court, and police records pertaining to plaintiff's underlying arrest and prosecution.[1] On February 2, 2026

---

[1] The undersigned confirmed with Eric Vetterlein, the previous ACC assigned to this case, that Plaintiff did not send him an executed 160.50 release for this case when it was pending in New

Continued…

the undersigned sent an electronic mail with a copy of the 160.50 release and a copy of Local Civil Rule 83.10 and explained an executed 160.50 release was necessary under Local Civil Rule 83.10. On February 4, 2026, the undersigned spoke telephonically with Mr. Scola and confirmed he was proceeding with this case in Southern District of New York. The undersigned stated defendants needed a fully executed 160.50 release in order to answer. Plaintiff's counsel confirmed that he was attempting to obtain a 160.50 release and would send it to the undersigned. Since the February 4, 2026, correspondence, this Office has not received a 160.50 release and Plaintiff's counsel did not respond to the undersigned's attempts to contact him by electronic mail and telephone.

Under Local Civil Rule 83.10, Defendant City requires a fully executed global 160.50 release in order to answer the Complaint and comply with subsequent discovery obligations under the Rule. This is particularly necessary since plaintiff alleges in the complaint that the underlying criminal charges brought against him were dismissed and sealed. (ECF No. 1 Exhibit B at pages 8-9) As such, defendant City cannot access these records without an unsealing release from the plaintiff. Without such records, this Office remains unable to investigate the allegations of the Complaint or the underlying arrest and cannot fulfill their obligations under Rule 11 of the Federal Rules of Civil Procedure in connection with their preparation of a response to the Complaint.

Accordingly, defendant City respectfully requests that Your Honor issue an order compelling plaintiff to produce an executed release of pursuant to New York Criminal Procedure Law § 160.50 by a date certain.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Seamus O'Connor
Seamus O'Connor
*Assistant Corporation Counsel*

cc:    **VIA ECF**
John Andrew Scola , Jr
Law Office of John A. Scola, PLLC
30 Broad Street
Ste 1424
New York, NY 10004
917-423-1445
Email: jscola@johnscolalaw.com

---

York state court. Mr. Vetterlein also confirmed that a letter containing the 160.50 release and a copy of Local Civil Rule 83.10 was sent to Plaintiff's counsel on December 22, 2025.

2

**Granted. SO ORDERED.**

Plaintiff is directed to provide an executed release pursuant to New York Criminal Procedure Law § 160.50 by March 6, 2026.

Date: 3/2/2026
New York, New York

Mary Kay Vyskocil
United States District Judge